Lisa S. Kantor, State Bar No. 110678
  lkantor@kantorlaw.net
J. David Oswalt, State Bar No. 73439
  jowsalt@kantorlaw.net
Timothy J. Rozelle, State Bar No. 298332
  trozelle@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
Sovereign Asset Management, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOVEREIGN ASSET MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTH NET LIFE INSURANCE COMPANY,; <br><br> Defendant. | Case No.: 2:18-cv-09360 FMO (DFMx) <br> Hon. Fernando M. Olguin <br><br> **JOINT RULE 26(f) REPORT** <br><br> Corrected 1st Amended Complaint filed 11/28/18 |

Plaintiff SOVEREIGN ASSET MANAGEMENT, INC. ("Sovereign") and Defendant HEALTH NET LIFE INSURANCE COMPANY ("Health Net"), by and through their respective counsel, hereby submit the following Joint Rule 26(f) Report pursuant to Fed. R. Civ. P. Rule 26(f), the Local Rules of this Court, and this Court's Order Setting Scheduling Conference [Docket #34] dated December 21, 2018.

**STATEMENT OF THE CASE**

**A.     Plaintiff's Statement of the Case**

Plaintiff's Corrected First Amended Complaint ("FAC") contains a single claim for intentional interference with prospective economic advantage by Sovereign against Health Net. [Docket #11-1].

The FAC alleges that, prior to and throughout 2016, Sovereign admitted and treated 469 Health Net-insured patients in need of medically necessary substance abuse and behavioral health treatment. Sovereign obtained a valid assignment of benefits and submitted requests to Health Net for prior authorization (where appropriate) before treating these patients. Plaintiff formed an economic relationship with Health Net's members who exercised their right to use their out-of-network benefit in obtaining mental health treatment. Pursuant to that relationship, Plaintiff provided mental health treatment to those patients and billed Health Net for that treatment in the amount of over $55 million.

Health Net's patients were covered under Health Net PPO policies that contained generous provisions requiring that out-of-network substance abuse treatment providers be paid 75% of billed charges. Health Net sold these generous policies as part of an effort in 2014 and 2015 to expand Health Net's market share in the insurance market created by the Affordable Care Act. When Health Net realized that these PPO products were creating a huge deficit for the company, Health Net devised a plan to avoid paying the legitimate claims of substance abuse treatment centers like Sovereign. FAC ¶ 38.

In the second half of 2015 and early 2016, Health Net began a systematic campaign to discourage its members from exercising their rights to utilize their out-of-network benefits to obtain behavioral health treatment from Sovereign and to mitigate losses caused by the reimbursement language found in the Health Net policies. FAC ¶ 55. Health intentionally undertook the following actions to disrupt the relationship between Sovereign and its Health Net-insured patients:

(1) In early 2016, Health Net placed Sovereign's submitted claims for treatment of Health Net-insured patients on a special no-pay or underpay queue;

(2) Health Net sent letters to Sovereign facilities informing them that no further claims would be processed unless Sovereign submitted responses to several onerous and unreasonable requests for documents and information;

(3) Health Net initiated an internal investigation of Sovereign and then reported its dishonest and false findings to various federal and state law enforcement agencies;

(4) Health Net refused to pay or underpaid a vast majority of Sovereign's submitted treatment claims based on an improper reimbursement methodology.

In 2015, the Sovereign entities were valued at approximately $625 million. In 2018, as a further direct result of Health Net's above-described conduct, Sovereign was unable to sustain its operations, and was forced to close its treatment facilities. FAC ¶ 57. By July 2018, Sovereign publicly announced that it was closing its doors amid financial difficulties and an ongoing investigation following allegations of insurance fraud.

**B.  Health Net's Statement of the Case**

Sovereign conducted scheme to defraud Health Net and other insurance companies. The scheme included among other things: 1) paying "body-brokers" thousands of dollars per patient to obtain patients, including patients from out of state; 2) submitting or assisting in submitting fraudulent applications for insurance for patients; 3) paying premiums for patients; 4) waiving patients' co-insurance obligations for out-of-network care; 5) billing for excessive and/or medically unnecessary care, and in some cases for care that was not actually provided; and 6) creating phony medical records to attempt to justify its fraudulent and excessive claims. When Health Net discovered the scheme it placed Sovereign's claims on pre-payment review, commenced an investigation of Sovereign, and reported its

findings of wrongdoing to the California Department of Insurance and law enforcement authorities.

Health Net has moved to dismiss this case because Sovereign's claim is fatally flawed, as explained in Health Net's motion to dismiss. Health Net has also filed a special motion to strike Sovereign's allegations regarding reporting its misconduct to law enforcement authorities under California's anti-SLAPP statute. If this case is not dismissed, Health Net will vigorously defend itself on the grounds that Sovereign was engaged in a fraudulent scheme and therefore is not entitled to any damages Health Net.

### A. SUBJECT MATTER JURISDICTION

Plaintiff brings this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff is a corporation duly organized and existing under the laws of Delaware, with its principal place of business in Delaware, doing business as "Sovereign Health Group." Defendant is a California corporation with its principal place of business in Woodland Hills, California. Additionally, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

### B. LEGAL ISSUES

Defendant has filed a motion to dismiss and special motion to strike (anti-SLAPP) raising the following legal issues:

1. Whether Plaintiff has adequately pled an "existing economic relationship" between itself and Health-Net insured patients during the relevant time period.
2. Whether Plaintiff has standing to bring this action.
3. Whether paragraphs 47, 48 and 55(e) of the FAC are protected speech which the tort claim "arises from."
4. Whether Sovereign can prove the elements constituting a claim for intentional interference with prospective economic advantage.

If this case is not dismissed, Health Net anticipates asserting legal and equitable defenses and seeking attorneys' fees.

### C.  PARTIES, EVIDENCE, ETC.

The parties to this action are: (a) Plaintiff Sovereign Asset Management, Inc. ("Sovereign") and (b) Defendant Health Net Life Insurance Company.

Sovereign is a corporation duly organized and existing under the laws of Delaware, with its principal place of business in Delaware, doing business as "Sovereign Health Group."  In December 2008, Sovereign purchased and became the sole owner of Dual Diagnosis Treatment Center, Inc. ("Dual Diagnosis"), a corporation organized and existing under the laws of California.  Dual Diagnosis does business as "Sovereign Health of California" and on occasion under other names as permitted by law.  Dual Diagnosis operated and maintained behavioral health treatment facilities in California, and is the parent company of other entities which operated and maintained behavioral health treatment centers in Orange County, California, and in other states around the country, including Arizona, Texas, and Florida.

Health Net Life Insurance Company is a corporation organized and existing under the laws of the State of California, with its principal place of business in California.  Centene Corporation is the ultimate parent of Health Net.  Centene Corporation is a publicly held corporation whose shares are traded on the New York Stock Exchange.  It has no parent company, and no publicly held corporation owns 10% or more of its stock.

The parties agree to exchange Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), on or before March 29, 2019.

### D.  INSURANCE

Neither party has insurance coverage for this litigation.

**E.   MAGISTRATE JUDGE**

On December 11, 2018, Defendant elected to not consent to proceed before assigned Magistrate Judge Steve Kim. [Docket #26].

**F.   DISCOVERY**

The parties believe that without resolution of the outstanding (1) Defendant's motion to dismiss Plaintiff's FAC and (2) Defendant's Special Motion to Strike Allegations in Plaintiff's FAC (Anti-SLAPP), it is premature to set discovery deadlines. Parties generally agree that the discovery cut-off should be set roughly 10 months from the Court's order on the outstanding motions. The parties propose to work together on a proposed discovery schedule if Health Net's motion to dismiss is not granted.

**G.   MOTIONS**

The parties believe that, at the close of discovery, dispositive motions may be appropriate. As such, if Health Net's motion to dismiss is not granted, the parties have agreed to propose a dispositive motion filing cut-off in March 2020, roughly two months following the parties' proposed discovery cut-off.

**H.   CLASS CERTIFICATION**

Not applicable as Plaintiff does not seek nor allege a class action.

**I.   OTHER MOTIONS**

The parties do not at this time anticipate motions seeking to add other parties or claims, file amended pleadings, or transfer venue, but respectfully reserve the right to seek amendment if deemed appropriate as discovery and litigation proceed.

J.   **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The parties are conferring regarding timing and procedure for ADR, including the possibility of private mediation and selection of a private mediator. If the parties are not able to resolve this matter informally, they plan to pursue voluntary, private mediation pursuant to ADR Procedure No. 3 (Local Rule 16-15.4).

**K. PRETRIAL CONFERENCE AND TRIAL**

The parties tentatively propose the following schedule:

| Event | Proposed Date |
|---|---|
| Initial Disclosures Due | March 29, 2019 |
| Deadline to Conduct Mediation/Settlement Conference | May 1, 2020 |
| Discovery Cut-off | January 13, 2020 |
| Last Day to File Dispositive Motions | March 5, 2020 |
| Last Day to Hear Dispositive Motions | April 30, 2020 |
| Pre-Trial Conference | June 2020, to be set by the Court |
| Trial | July 2020, to be set by the Court |

**L. TRIAL ESTIMATE**

The parties, at this time, anticipate that a trial will last 4-5 days. At this time, without the benefit of having conducted full discovery, each party contemplates calling between 4-6 witnesses.

**M. TRIAL COUNSEL**

Lisa S. Kantor will serve as trial counsel for Plaintiff.

Steven M. Cady will serve as trial counsel for Defendant.

The parties reserve the right to add additional trial counsel.

**N. INDEPENDENT EXPERT OR MASTER**

The parties agree that appointment of an independent scientific expert or a master, pursuant to Federal Rules of Civil Procedure 53, is not necessary at this time.

## O. OTHER ISSUES

The parties anticipate that there may be a significant amount of discovery generated involving HIPAA-governed medical records and personal data identifiers. As such, the parties anticipate that it would be appropriate, following the resolution of outstanding motions before this Court, to agree upon a Stipulated Protective Order that protects documents containing sensitive personal data identifiers (such as medical records and other mental health-related records) as well as any documents that may be deemed confidential by the parties.

DATED: January 31, 2019          KANTOR & KANTOR LLP

By */s/ Lisa S. Kantor*
Lisa S. Kantor
Timothy J. Rozelle
Attorneys for Plaintiff
SOVEREIGN ASSET MANAGEMENT, INC.

DATED: January 31, 2019          MANATT, PHELPS & PHILLIPS, LLP

By */s/ Samuel A. Canales*
Gregory N. Pimstone
John M. LeBlanc
Ileana M. Hernandez
Samuel A. Canales
Attorneys for Defendant
HEALTH NET LIFE INSURANCE COMPANY

DATED: January 31, 2019          WILLIAMS & CONNOLLY LLP

By */s/ Steven M. Cady*
Brendan V. Sullivan
(*Pro Hac Vice*)
William R. Murray, Jr.
(*Pro Hac Vice*)
Steven M. Cady
(*Pro Hac Vice*)
Attorneys for Defendant
HEALTH NET LIFE INSURANCE COMPANY

*Filer's Attestation:* Pursuant to Local Rule 5-4.3.4(a)(2)(i), Lisa S. Kantor hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.